**Dean HUMPHREY, Appellant,**

v.

**SEQUENTIA, INC., Appellee.**

No. 94–2568.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1995.

Decided June 28, 1995.

. Paul Alan Levy, Washington, DC, argued (Thomas J. O'Brien, Raytown, MO, on the brief), for appellant.

Spencer M. Youell, Columbus, OH, argued (Brien Finuccane, Kansas City, MO, on the brief), for appellee.

Before McMILLIAN, FAGG and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Plaintiff Dean Humphrey appeals from an interlocutory order entered in the United States District Court for the Western District of Missouri denying his motions for a preliminary injunction and for remand to the Missouri state court from which this case was removed by defendant Sequentia, Inc. *Humphrey v. Sequentia, Inc.*, No. 94–0295–CV–W–1 (W.D.Mo. May 17, 1994). For reversal, plaintiff argues that the district court lacked removal jurisdiction and therefore erred in denying his motion for remand because (1) his claim of retaliatory discharge is not preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, under *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (*Lingle*), and (2) this action arises under Missouri's workers' compensation laws and therefore is nonremovable under 28 U.S.C. § 1445(c). Defendant filed a motion to dismiss the appeal on grounds that the issue of whether removal was proper is now moot because plaintiff has since amended his complaint to include federal claims under the LMRA alleging violations of the collective bargaining agreement (CBA). For the reasons discussed below, we reverse the district court's denial of plaintiff's

motion for remand and remand to the district court with directions to remand to the state court from which the case was removed.

## I. Background

Plaintiff, a former employee of defendant, was injured on the job on February 21, 1994. He took a disability leave from February 21, 1994, through March 21, 1994, during which he received workers' compensation benefits. On the day he returned to work, March 22, 1994, plaintiff allegedly made a racial remark to a truck driver, which was reported to his supervisor. That same day, with his union representative present, plaintiff was suspended pending an investigation.

Plaintiff filed the present lawsuit in Missouri state court seeking a temporary restraining order (TRO) or preliminary injunction to obtain, among other things, reinstatement to his former employment, on grounds that defendant had discriminated against him in violation of Mo.Rev.Stat. § 287.780 (1994).[1] Plaintiff denies making the alleged racial remark and claims that the truck driver incident was fabricated as a pretext to allow defendant to retaliate against him for exercising his rights under the Missouri workers' compensation laws. On March 24, 1994, the Missouri state court, ex parte, granted plaintiff a TRO and issued defendant a show cause order. On March 25, 1994, plaintiff's union initiated grievance procedures under the CBA on behalf of plaintiff.

On March 28, 1994, defendant removed plaintiff's state court action to federal district court, pursuant to 28 U.S.C. § 1441(b), on grounds that plaintiff's claim is preempted by § 301 of the LMRA because it seeks to enforce the CBA. Plaintiff moved for remand to state court and moved for injunctive relief similar to the TRO obtained in state court. The district court, in a single order, denied both motions. *Humphrey v. Sequentia, Inc.,* No. 94–0295–CV–W–1 (W.D.Mo. May 17, 1994) (order denying motion for remand and motion for injunctive relief). By notice dated June 15, 1994, plaintiff appealed the district court's order pursuant to 28 U.S.C. § 1292(a), (b).[2]

While the parties were briefing the issues on appeal, plaintiff filed a motion for leave to amend his complaint, which was accompanied by a proposed amended complaint, in the district court. The district court granted the motion. Plaintiff's amended complaint includes federal claims under § 301 of the LMRA in addition to his original claim of retaliatory discharge under Mo.Rev.Stat. § 287.780. Thereafter, defendant moved to dismiss the appeal on grounds that the amended complaint clearly establishes federal jurisdiction, and thus the question of whether the removal to federal court was proper has become moot. Both the merits of the appeal and defendant's motion to dismiss the appeal are now before this court.

## II. Discussion

### A. Motion to Dismiss the Appeal

■ First, we address defendant's motion to dismiss this appeal as moot. Defendant argues that once plaintiff amended his complaint to add federal claims under the LMRA, the district court clearly acquired jurisdiction over the LMRA claims, 28 U.S.C. § 1331 (federal question jurisdiction), as well

---

1. Mo.Rev.Stat. § 287.780 (1994) provides:
 No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his [or her] rights under [the Missouri Workers' Compensation Act]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his [or her] employer.

2. Referring specifically to the denial of his motion for remand to state court, plaintiff moved for an amendment of the district court's order, requesting that the court include in writing the certification language required for interlocutory appeal under 28 U.S.C. § 1292(b). The district court denied plaintiff's request. *Humphrey v.*

*Sequentia, Inc.,* No. 94–0295–CV–W–1 (W.D.Mo. June 16, 1994). We, therefore, do not have appellate jurisdiction under 28 U.S.C. § 1292(b). We do, however, have appellate jurisdiction under 28 U.S.C. § 1292(a) (interlocutory appeal from denial of injunctive relief), which permits us to review the removal issue on interlocutory appeal. *See, e.g., O'Halloran v. University of Washington,* 856 F.2d 1375, 1378–79 (9th Cir. 1988) ("when an appeal from an order denying a motion to remand is joined with an appeal from an order granting or denying an injunction, we will review the order denying the motion to remand at that time and not wait for final judgment or certification").

as the retaliatory discharge claim. 28 U.S.C. § 1367 (supplemental jurisdiction). Thus, defendant maintains, the question of whether removal was proper has become moot. In response, plaintiff cites, among other cases, *O'Halloran v. University of Washington*, 856 F.2d 1375 (9th Cir.1988) (*O'Halloran*), in which the Ninth Circuit exercised appellate jurisdiction, and remanded to the district court with instructions to remand to the state court, under procedural circumstances similar to those of the present case. In *O'Halloran*, the plaintiff sought review of the district court's denial of her motion to remand to state court, after a third-party defendant removed the third-party action and the plaintiff's original state court action to federal court, even though the third-party action involved only state claims. *Id.* at 1378, 1380–81. Although the district court did not certify the existence of a controlling question of law, the Ninth Circuit exercised jurisdiction over the plaintiff's interlocutory appeal of the remand order because it was accompanied by an appeal from a denial of injunctive relief. *Id.* at 1378–79. One day after the notice of appeal was filed, the plaintiff amended her complaint and realigned the parties, making the third-party defendant a defendant and alleging her federal claims against the former third-party defendant as well as the original defendant. *Id.* at 1378. Therefore, the complaint, as amended, established grounds for the third-party defendant to remove to federal court, even though that party should not have been able to remove prior to the amendment. The Ninth Circuit nevertheless held that the issue of whether removal to the federal court was proper had not become moot because the plaintiff did not voluntarily amend her complaint but rather

had been *ordered* by the district court to do so. *Id.* at 1380.

In the present case, plaintiff argues that he, like the plaintiff in *O'Halloran*, had no choice but to amend his complaint, thereby creating a basis for federal jurisdiction. At the time he filed his motion for leave to amend, the district court had already ruled that his workers' compensation retaliatory discharge claim was preempted by § 301 of the LMRA; moreover, the district court had denied plaintiff's motion for a stay of proceedings pending the outcome of this appeal and had ordered the parties to present a scheduling order for the disposition of the case. Thus, plaintiff argues, the district court presented him with a Hobson's choice.[3] Under the circumstances, his options were to amend his complaint to allege the federal LMRA claims or risk dismissal of the complaint and, consequently, preclusion of his federal claims under the doctrine of res judicata.[4]

■ We agree with the Ninth Circuit's conclusion in *O'Halloran* that, "when a court orders the plaintiff to amend its complaint, doing so does not moot the question whether removal to the federal court was proper." 856 F.2d at 1380. In other words, where the removal of an action from state court to federal court may have been improper under 28 U.S.C. § 1441(b), the subsequent amendment of the complaint so as to create a basis for removal jurisdiction does not render the removal issue moot if the amendment was ordered by the district court or was otherwise involuntary. In the present case, we hold that plaintiff's amendment of the complaint was involuntary for the reasons he cites.[5] We therefore hold that the question of whether removal was proper is not moot

---

**3.** Thomas Hobson (1544–1631), an English liveryman, required his customers to take either the horse nearest the door or none at all.

**4.** In support of plaintiff's claim that he faced a possible dismissal of his complaint, we note the district court's comment to plaintiff's counsel at the hearing on plaintiff's motions (which occurred prior to the amendment of the complaint): "your motion for a summary dismissal to be remanded will be denied. I do not find this, from your position in the pleadings, to be a Workmens' Comp case. *I do find it to be a*

*conduct violations case not properly before the court.*" Joint Appendix at 145 (emphasis added).

**5.** We strenuously caution, however, that plaintiff would have been well-advised to seek a stay of proceedings in the district court from this court pursuant to Fed.R.App.P. 8(a). While we hold that his failure to seek such relief from our court did not render his amendment of the complaint voluntary in the present case, such an omission in future cases may not result in the same conclusion.

for purposes of this appeal. Defendant's motion to dismiss the appeal is denied.

### B. Merits of the Appeal

A defendant may remove an action from state court to the federal district court for the district in which the action is pending if the action is within the district court's original jurisdiction, unless an Act of Congress expressly provides otherwise. 28 U.S.C. § 1441(a). In the present case, defendant removed plaintiff's state court action to federal district court on grounds that plaintiff's action was preempted by the LMRA because plaintiff was seeking to enforce, through injunctive relief, the terms of the "just cause" provision in the CBA.[6] In his motion for remand, plaintiff argued that (1) the district court lacked jurisdiction over his state court action for injunctive relief because his claim fell within the limited exception to federal preemption under *Lingle,* and (2) removal of plaintiff's action was expressly prohibited by 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). The district court denied plaintiff's motion for remand on grounds that (1) the exception to § 301 preemption recognized in *Lingle* does not apply in the present case because plaintiff's claim is one for injunctive relief rather than damages, slip op. at 2, and (2) 28 U.S.C. § 1445(c) does not apply in the present case because plaintiff's retaliatory discharge claim is preempted by § 301 of the LMRA and because plaintiff alleges an independent state common law tort which does not arise under the workmen's compensation laws. Slip op. at 3 (citing *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722 (7th Cir.) (*Spearman* ), cert. denied, —— U.S. ——, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994)).

### § 301 Preemption as Grounds for Removal Jurisdiction

Plaintiff argues that the district court erred in holding that his claim of retaliatory discharge is preempted by § 301 of the LMRA. More specifically, plaintiff argues that the district court failed to properly apply the "complete preemption" doctrine as the basis for determining whether it had removal jurisdiction. The Supreme Court has explained the complete preemption doctrine as follows.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint....

> Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint.... [I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue....

> There does exist, however, an "independent corollary" to the well-pleaded complaint rule, ... known as the "complete pre-emption" doctrine. *On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."* ... *Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.*

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d

---

6. In his original "Motion for a Temporary Restraining Order and Preliminary Injunction," filed in Missouri state court, plaintiff sought, in his prayer for relief, an order from the state court enjoining defendant from, among other things, "disciplining or reprimanding Plaintiff except upon good cause as defined in the applicable collective bargaining agreement, and upon notice to the Court of the basis of such action." Joint Appendix at 19.

318 (1987) (*Caterpillar*) (emphasis added) (footnotes and citations omitted); *see also Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1144–45 (8th Cir.1992) (*Hurt*) (plaintiff's failure-to-warn claim was not completely preempted by Federal Insecticide, Fungicide, and Rodenticide Act and therefore district court lacked removal jurisdiction; judgment reversed and case remanded to district court with directions to remand to state court).

 We review the district court's preemption decision de novo. *Taggart v. Trans World Airlines, Inc.,* 40 F.3d 269, 272 (8th Cir.1994) (addressing preemption defense under Railway Labor Act). The issue before us is whether the preemptive force of § 301 of the LMRA is so extraordinary that it converts plaintiff's retaliatory discharge claim into one stating a federal claim for purposes of the well-pleaded complaint rule. We must find "not just that a pre-emption defense is present," but that "the claim is completely federal from the beginning." *Hurt,* 963 F.2d at 1144. Our § 301 preemption analysis in the present case is guided by *Lingle* and its progeny.[7] In *Lingle,* the Supreme Court held that "an application of state law is preempted by § 301 of the [LMRA] only if such application requires the interpretation of a collective-bargaining agreement." 486 U.S. at 413, 108 S.Ct. at 1885. Based upon the facts presented in *Lingle,* the Supreme Court reversed the Seventh Circuit's decision that the petitioner's claim of retaliatory discharge for exercising rights under the state's workers' compensation laws was preempted by § 301 of the LMRA. The Court explained:

We agree with the court's explanation that the state-law analysis might well involve attention to the same factual considerations as the contractual determination of whether Lingle was fired for just cause. But we disagree with the court's conclusion that such parallelism renders the state-law analysis dependent upon the contractual analysis. For while there may be instances in which the National Labor Relations Act pre-empts state law on the basis of the subject matter of the law in question,

§ 301 pre-emption merely ensures that federal law will be the basis for interpreting collective bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements. In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, *as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.*

486 U.S. at 408–10, 108 S.Ct. at 1882–84 (emphasis added) (footnotes omitted). The Court concluded "[i]n the typical case a state tribunal could resolve either a discriminatory or retaliatory discharge claim without interpreting the 'just cause' language of a collective-bargaining agreement." *Id.* at 413, 108 S.Ct. at 1885. Following the Supreme Court's decision in *Lingle,* this court has held that claims of retaliatory discharge brought pursuant to Mo.Rev.Stat. § 287.780 are not preempted by § 301. *Curl v. General Telephone Co.,* 861 F.2d 171 (8th Cir.1988) (per curiam); *Wolfe v. Central Mine Equip. Co.,* 850 F.2d 469 (8th Cir.1988).

Defendant argues, among other things, that *Lingle* does not apply in the present case because the true nature of plaintiff's claim is that he is dissatisfied with the discipline that he received as a consequence of the March 22, 1994, truck driver incident, which, according to defendant, has nothing to do with plaintiff's prior receipt of workers' compensation benefits. Thus, defendant argues, plaintiff is seeking, by this litigation, to circumvent the grievance procedures under the CBA. Defendant also argues that, by seeking injunctive relief, plaintiff has necessarily invoked the CBA. Defendant notes that Mo.Rev.Stat. § 287.780 does not expressly provide for injunctive relief; it provides only for damages. Defendant suggests

**7.** In *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), the issue was whether § 301 preemption provided a proper defense, not whether it was a basis for removal. The case had been removed to federal district court on the basis of diversity. *Id.* at 402, 108 S.Ct. at 1879.

that plaintiff's claim for injunctive relief pursuant to § 287.780 is thus merely a pretext for trying to undo what was done pursuant to the CBA. Therefore, defendant argues, the claim can only be characterized as "inextricably intertwined" with the CBA.

█ Guided by the Supreme Court's analysis in *Lingle*, we hold that plaintiff's action is not completely preempted by the LMRA and therefore the district court did not have removal jurisdiction. In response to defendant's argument that the true controversy in the present case concerns the discipline plaintiff received, we note that plaintiff has consistently denied making the alleged racial remark. Plaintiff maintains that the incident was fabricated as a pretext for retaliating against him because he had exercised his rights under the workers' compensation laws, and would likely continue to do so. Thus, the controversy in the present case primarily concerns the conduct of the parties and their motivation. " '[P]urely factual questions' about an employee's conduct or an employer's conduct and motives do not 'requir[e] a court to interpret any term of a collective bargaining agreement.' " *Hawaiian Airlines, Inc. v. Norris*, —— U.S. ——, ——, 114 S.Ct. 2239, 2248, 129 L.Ed.2d 203 (1994) (citing *Lingle*, 486 U.S. at 407, 108 S.Ct. at 1882). The fact that defendant argues that the incident did, in fact, occur, and that there was "just cause" under the terms of the CBA for the discipline plaintiff received, does not create a basis for § 301 preemption, *Lingle*, 486 U.S. at 408–10, 108 S.Ct. at 1882–84, and therefore certainly does not provide a basis for removal to federal court under the complete preemption doctrine. *Caterpillar*, 482 U.S. at 399, 107 S.Ct. at 2433 (federal defenses do not provide a basis for removal). "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* In fact, "a case may *not* be removed to federal court on the basis of a federal defense ... even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. at 2430.

In response to defendant's argument regarding the remedy plaintiff seeks, plaintiff argues that, although Mo.Rev.Stat. § 287.780 is silent with respect to injunctive relief, it is not clear that such relief is unavailable. Plaintiff contends that, under Missouri case law, the remedies available are to be broadly construed and the state courts, not the federal courts, are the proper forum to determine the availability of specific remedies.

█ While we agree with defendant that plaintiff stands on shaky ground in requesting only injunctive relief pursuant to § 287.780, we disagree with defendant's conclusion that plaintiff's claim is so "inextricably intertwined" with the CBA that it is beyond the state courts' jurisdiction. We hold that where the substantive right being asserted is created by state law, and the complete preemption doctrine does not apply, the unavailability of the remedy being sought by the plaintiff should not deprive the state court of jurisdiction to adjudicate the claim. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 561, 88 S.Ct. 1235, 1238, 20 L.Ed.2d 126 (1968) (*Avco*) (the nature of the relief available after jurisdiction attaches is different from the question whether there is jurisdiction to adjudicate the controversy) (cited in *Caterpillar*, 482 U.S. at 391 n. 4, 107 S.Ct. at 2429 n. 4). Questions concerning the viability of plaintiff's state law claim differ from the jurisdictional issue and are matters for the state court to decide. *See Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 115 & n. 7 (3d Cir.1990). In our opinion, this conclusion is supported by the Supreme Court's comment in *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 212, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), that "it would be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Accordingly, we hold that the district court erred in denying plaintiff's motion for remand on grounds that § 301 of the LMRA preempted plaintiff's retaliatory discharge claim.

*Applicability of 28 U.S.C. § 1445(c)*

█ Plaintiff also argues on appeal that this case arises under the workers' compen-

sation laws of Missouri and therefore is non-removable under 28 U.S.C. § 1445(c). If § 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity. *Spearman,* 16 F.3d at 724 ("[e]ven a case containing a federal claim may not be removed if it *also* arises under state workers' compensation law"); [8] *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1091 (5th Cir.1991) (*Jones* ) (same as to diversity).

In holding that § 1445(c) does not apply in the present case, the district court purportedly followed the Seventh Circuit's decision in *Spearman,* which held that the plaintiff's tort claim alleging retaliatory discharge did not "arise under" the Illinois workers' compensation laws for purposes of applying § 1445(c). 16 F.3d at 725–26. The district court apparently assumed that the Missouri retaliatory discharge cause of action also derived from the common law. *See* slip op. at 3 ("the Court agrees with the reasoning of the Seventh Circuit that an independent state common law tort action for retaliatory discharge is not a civil action 'arising under the workmen's compensation laws' within [the] meaning of 28 U.S.C. § 1445(c);" citing *Spearman* ).

In *Spearman,* however, the Seventh Circuit specifically explained that the plaintiff's fault-based retaliatory discharge claim was not embodied in the Illinois statutory workers' compensation scheme, but rather derived from the state's common law. 16 F.3d at 725 (citing *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 564, 384 N.E.2d 353, 358 (1978) (referring to the cause of action as an "independent tort action," which is now referred to as the "*Kelsay* tort")); *see also Lingle v. Norge Div. of Magic Chef, Inc.,* 823 F.2d 1031, 1038–39 (7th Cir.1987) (en banc) (cited in *Spearman,* 16 F.3d at 723) (holding that § 1445(c) does not apply to Illinois claim of retaliatory discharge for exercise of rights

under workers' compensation laws), *rev'd on other grounds,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).[9] By contrast, the Missouri Workers' Compensation Act specifically provides:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his [or her] rights under [the Missouri Workers' Compensation Act]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his [or her] employer.

Mo.Rev.Stat. § 287.780.

Plaintiff thus argues that the district court erred in its analysis by following *Spearman.* We agree. Unlike the common law tort action brought by the plaintiff in *Spearman,* plaintiff's original state court action in the present case was brought pursuant to a state statute, Mo.Rev.Stat § 287.780. *See* Joint Appendix at 12 (plaintiff's motion for a temporary restraining order and preliminary injunction). Because the Seventh Circuit was compelled by the fact that the Illinois cause of action for retaliatory discharge was excluded from the state's statutory scheme, 16 F.3d at 725, *Spearman* is not persuasive in the present case.

■ The issue of whether plaintiff's cause of action in the present case is one "arising under" Missouri's workers' compensation laws, for purposes of applying § 1445(c), is governed by federal law. *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972) (federal law governs construction of removal statutes). In *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), the Supreme Court considered whether the action in dispute arose under federal law for purposes of applying 28 U.S.C. §§ 1331 and

8. We note that plaintiff could have relied upon § 1445(c) as additional grounds for opposing defendant's motion to dismiss the appeal as moot. So long as § 1445(c) applies, the case is nonremovable even if the complaint also contains federal claims. Thus, if § 1445(c) applies, the removal jurisdiction issue would not have become moot when plaintiff amended his complaint.

9. In *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722, 724 (7th Cir.1994), the Seventh Circuit noted that the Illinois legislature did add "an anti-retaliation component" to its workers' compensation statutes in 1975, but even then it omitted any private remedy. It is further noted that this "anti-retaliation rule" in the Illinois workers' compensation laws has no enforcement mechanism and has played no role in the development of the so-called *Kelsay* tort. *Id.* at 725.

1441 [10] (district court's original and removal jurisdiction of actions "arising under" the Constitution, laws, or treaties of the United States). The Court explained:

> How and when a case arises "under the Constitution or laws of the United States" has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.... A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto ... and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.... Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

*Id.* at 112–13, 57 S.Ct. at 97–98 (citations omitted). Applying these principles to the present case, we hold that plaintiff's action in state court "arose under" Missouri's workers' compensation laws because the right established by § 287.780 is an essential element of plaintiff's claim, the success of plaintiff's claim will depend on how § 287.870 is construed, a genuine and present controversy exists with reference to § 287.780, and the controversy is disclosed upon the face of the complaint. In reaching this conclusion, we are in accordance with the Fifth Circuit's decision in *Jones.* In *Jones,* the Fifth Circuit held that the plaintiff's retaliatory discharge claim arose under the Texas workers' compensation laws for purposes of applying § 1445(c) where the claim was based upon statutory authority, even though the controlling statute was not within the workers' compensation chapter. 931 F.2d at 1091–92.

■■■ Defendant relies on *Spearman* to argue separately that plaintiff's cause of action does not arise under Missouri's workers' compensation laws because the claim is *fault-based,* a factor cited by the Seventh Circuit as additional grounds for concluding that the Illinois *Kelsay* tort does not arise under the Illinois workers' compensation laws. 16 F.3d at 724–25 ("[a] fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it"). The Seventh Circuit reasoned that, because workers' compensation laws historically provided limited recovery to injured workers *regardless of fault,* and such was the case at the time § 1445(c) was enacted in 1958, Congress could not have intended § 1445(c) to apply to actions alleging fault-based claims such as the retaliatory discharge claim recognized in *Kelsay* and its progeny. *Id.* Defendant argues that we should adopt the same rationale to hold that Congress also could not have intended § 1445(c) to apply to statutory claims of retaliatory discharge if such claims are fault-based. In considering this argument, we note that it is not entirely clear that the Seventh Circuit would have reached the same conclusion that it did in *Spearman* had it been confronted with a statutory retaliatory discharge claim such as that which is presented here. Nevertheless, to the extent that defendant argues that a fault-based claim, regardless of its origin, may never serve as the basis for applying § 1445(c), we disagree. Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine.[11]

---

10. 28 U.S.C. §§ 1331 and 1441 were formerly 28 U.S.C. §§ 41 and 71, respectively.

11. Plaintiff argues that so long as a claim arises under a state's workers' compensation laws, § 1445(c) applies and the action is *per se* nonremovable. We decline to adopt such a broad rule, however, because we believe, as a matter of Congressional intent, that § 1445(c) would not apply to a claim which is completely preempted by federal law and only facially arises under a state's workers' compensation laws.

Finally, we again consider the significance of the fact that plaintiff sought only injunctive relief in his original state court action even though Mo.Rev.Stat. § 287.870 refers only to damages and is silent as to the availability of injunctive relief. Our consideration of this issue is again governed by principles of federal law. In *Avco,* the Supreme Court held that an LMRA § 301 claim was properly removed to federal court even though, at the time of removal, the remedy sought by the plaintiff could only be obtained in state court. The Supreme Court reasoned:

> The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy.... [T]he breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter.

390 U.S. at 561, 88 S.Ct. at 1238 (cited in *Caterpillar,* 482 U.S. at 391 n. 4, 107 S.Ct. at 2429 n. 4). In *Caterpillar,* the respondents had sued their former employer in state court for breach of contract arising out of their termination, and the employer removed the action to federal district court. The Supreme Court affirmed the Ninth Circuit's holding that removal was improper because the complaint alleged state law claims that were not preempted by § 301 of the LMRA. The Court noted, however, that the Ninth Circuit had erroneously assumed that removal to federal court on grounds of § 301 preemption would not be proper unless the federal cause of action provided a remedy. 482 U.S. at 391 n. 4, 107 S.Ct. at 2429 n. 4. Although both *Avco* and *Caterpillar* addressed the question of whether a claim arose under federal law, the principle upon which they rely may nevertheless be applied in the present case to support the conclusion that plaintiff's retaliatory discharge claim arose under state law, despite the possibility that plaintiff may not obtain the remedy he seeks. Therefore, we hold that the district court erred in concluding that plaintiff's action does not arise under the Missouri workers' compensation laws for purposes of applying 28 U.S.C. § 1445(c).

## III. Conclusion

For the reasons discussed above, we hold that the district court erred in holding that (1) it had removal jurisdiction over plaintiff's retaliatory discharge claim on the basis of § 301 preemption, and (2) 28 U.S.C. § 1445(c) does not apply to this case. Accordingly, we hold that the case was improperly removed and that the district court lacked jurisdiction to hear this case. The district court's denial of plaintiff's motion to remand is therefore reversed. This case is remanded to the district court with directions that it remand the case to the state court from which it was removed.