# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1429

_____

Andrew Johnson,

        Appellant,

v.

AGCO Corporation,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Western
District of Missouri.

_____

Submitted:  September 21, 1998

Filed:  October 21, 1998

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Andrew Johnson was an assembly line worker at AGCO Corporation, a
manufacturer of combines and large farm equipment.  His repeated and continuous use
of an air gun to tighten bolts eventually led to repetitive trauma injury for which he filed
a worker's compensation claim.  While that claim was pending, he suffered another
injury, this time to his lower back, as he was lifting a tub of building parts. He received
medical treatment for both conditions and temporary total disability payments for the

lower back injury. Shortly after the second incident, AGCO's doctor released Mr. Johnson to return to work with no restrictions, and he worked regularly for the next year.

Meanwhile, AGCO offered to settle Mr. Johnson's worker's compensation claims arising from the repetitive trauma injury, but not those arising from the injury to his lower back. He rejected this offer, and two subsequent ones, and sought a second medical opinion on the extent of his disabilities. Mr. Johnson sent AGCO a copy of the doctor's report and a new demand for settlement based on it. Within two weeks of this communication, AGCO told Mr. Johnson to take an unpaid leave of absence because the level of disability that he was claiming would most likely restrict his ability to work; any possible work restrictions, AGCO said, would have to be evaluated, and in the meantime Mr. Johnson was to remain on leave.

Mr. Johnson then sued AGCO in state court under Mo. Rev. Stat. § 287.780, which provides a civil cause of action to employees who have been "discharge[d] or in any way discriminate[d] against" for exercising any of their rights under Missouri worker's compensation law. He claimed that he was placed on an unpaid leave of absence because he sought a more generous worker's compensation settlement from AGCO.

AGCO removed the case to federal court on the basis of diversity and federal question jurisdiction. AGCO asserted that the district court had original jurisdiction over the case because the outcome would depend on an interpretation of the collective bargaining agreement in effect at AGCO, and that state-law claims that require analysis of a collective bargaining agreement are completely preempted by § 301 of the Labor Management Relations Act (LMRA), *see* 29 U.S.C. § 185. Mr. Johnson then moved for a remand of the case to the state court and AGCO moved to dismiss the action on the ground that Mr. Johnson had not exhausted the mandatory arbitration procedures required by the collective bargaining agreement. The district court denied

Mr. Johnson's motion to remand the case to state court, and granted AGCO's motion to dismiss, not on the ground suggested by AGCO, but in accordance with the holding of *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985), that when § 301 of the LMRA completely preempts a state claim, the plaintiff must be able to state it as a § 301 claim or the court must dismiss it as preempted.

We hold that Mr. Johnson's claim under Mo. Rev. Stat. § 287.780 was not preempted by § 301 of the LMRA and that the district court thus did not have removal jurisdiction over the case on that ground. We further hold that the district court should have granted Mr. Johnson's motion for remand.

I.

We have previously held that the doctrine of complete preemption does not apply to a retaliatory discharge claim under Mo. Rev. Stat. § 287.780 so as to give it the status of a § 301 claim from the beginning. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244 (8th Cir. 1995). The facts in *Humphrey* were virtually identical to those before us; in that case, the plaintiff was injured on the job, was given disability leave, and received worker's compensation benefits. On the day when he returned to work, he allegedly made a racial remark to a truck driver for which he was suspended pending an investigation. He then sued, claiming that his employer had discriminated against him in violation of Mo. Rev. Stat. § 287.780, and the employer removed the case to federal court on the ground that the claim was preempted by § 301. *Id.* at 1240. Relying on *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988), we held that since the plaintiff's claim was not based on the collective bargaining agreement in effect, § 301 did not preempt it and the case was thus not removable to a federal court.

The district court apparently thought that the present case was distinguishable from *Humphrey* because analysis of the collective bargaining agreement would be required to assess AGCO's defense that it had a non-retaliatory reason for removing Mr. Johnson from his position, namely, that his disability rendered him unable to

perform his job. The district court reasoned that AGCO's argument was based on the provisions of the collective bargaining agreement concerning job requirements, ability, and fitness for duty, and could not therefore be evaluated without a determination of the meaning of those provisions. But this is exactly the same kind of argument that was advanced and rejected in *Humphrey*.

The fact that AGCO's *defense* to Mr. Johnson's claim might require a court to construe the collective bargaining agreement is not enough to confer federal jurisdiction on the ground of complete preemption. Complete preemption occurs only when a plaintiff's claim itself is based on rights created directly by, or substantially dependent on an analysis of, a collective bargaining agreement. "[T]he presence of a federal question, even a § 301 question, in a defensive argument" does not render a cause removable: "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated" (emphasis in original). *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987); see also *Humphrey*, 58 F.3d at 1244.

## II.

As we already indicated, AGCO originally cited diversity of citizenship as an additional basis for the exercise of federal jurisdiction in this case. We note, however, that 28 U.S.C. § 1445(c) prevents removal of cases "arising under" state worker's compensation law even where there is diversity of citizenship between the parties, and we have previously held that a retaliatory discharge claim pursuant to Mo. Rev. Stat. § 287.780 "arises under" Missouri worker's compensation law. *See Humphrey*, 58 F.3d at 1246. Mr. Johnson's case could be removed to federal court only if his claim was completely preempted by federal law and thus could not have "arisen under" a worker's compensation law. Since we have already held that Mr. Johnson's action was not completely preempted by § 301 of the LMRA, it was not removable even if there was diversity of citizenship between the parties.

## III.

Mr. Johnson asked for sanctions in the district court pursuant to Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1447(c), the latter of which provides that an order "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The district court did not rule on this request but denied it implicitly when it granted AGCO's motion to dismiss. On appeal, Mr. Johnson again requests an award of attorney's fees and costs incurred as a result of the improper removal. We direct the district court to revisit this question before it remands the matter to the state court for further proceedings.

## IV.

For the reasons indicated, we reverse the district court's denial of Mr. Johnson's motion to remand. We remand the case to the district court, with directions that it rule on the matter of Mr. Johnson's fees and costs and then remand the case to the state court from which it was removed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-