# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

|  |  |  |
|---|---|---|
| _____ | * | |
| | * | |
| No. 99-4113 | * | |
| | * | |
| _____ | * | |
| | * | |
| In re:  Atlas Van Lines, Inc.; | * | |
| In re:  Poplar Bluff Transfer | * | |
| Company; In re:  Nathan | * | |
| Stout; In re:  Gregory Stout, | * | |
| | * | |
| Petitioners. | * | |
| | * | |
| | * | |
| _____ | * | |
| | * | |
| No. 99-4145 | * | |
| | * | |
| _____ | * | |
| | * | |
| Lanis L. Karnes, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| | * | Eastern District of Missouri. |
| Poplar Bluff Transfer Company; | * | |
| Nathan Stout; Gregory Stout; Atlas | * | |
| Van Lines, Inc., | * | |
| | * | |
| Appellants. | * | |
| | * | |

_____

Submitted:  December 14, 1999
Filed:   April 6, 2000

_____

Before BEAM, HEANEY, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Atlas Van Lines, Poplar Bluff Transfer Company, Nathan Stout, and Gregory Stout (petitioners) appeal the district court's[1] order remanding this case to state court. Alternatively, they seek a writ of mandamus from this court directing the district court to rescind its remand order. Lanis L. Karnes, acting pro se, argues that we lack jurisdiction to review the district court's remand order and that even if subject matter jurisdiction is present, the district court correctly remanded the case to state court.

Karnes initially filed this action against the petitioners in Missouri state court. Karnes claimed that she hired the petitioners to move her property from Cape Girardeau, Missouri, to Virginia Beach, Virginia, and that, in the course of the move, the petitioners negligently damaged her property. Karnes's complaint alleged several theories of recovery premised exclusively on Missouri law. The petitioners removed this action to federal court. See 28 U.S.C. § 1441(b). As a basis for federal court jurisdiction, they claimed that Karnes's Missouri state law claims are preempted by the Carmack Amendment to the Interstate Commerce Act. See 49 U.S.C. § 11707. The Carmack Amendment regulates the liability of common carriers engaged in interstate commerce. See Adams Express Co. v. Croninger, 226 U.S. 491, 503-05 (1913).

Karnes filed a motion to remand this case to state court. Petitioners filed a motion to dismiss Karnes's complaint for failure to state a claim governed by the Carmack Amendment, and filed a motion for summary judgment. The district court denied Karnes's remand motion after finding that the preemptive force of the Carmack

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

2

Amendment enveloped her state law claims. The district court also denied the petitioners' motions and granted Karnes leave to file an amended complaint asserting federal causes of action based on the Carmack Amendment. Following the filing of Karnes's amended complaint, the district court sua sponte reevaluated its denial of Karnes's motion to remand this case to state court. The district court concluded that petitioners' Carmack Amendment assertions actually were defenses to Karnes's state law causes of action. As defenses, they did not preempt Karnes's state law claims and did not confer federal jurisdiction based upon the well-pleaded complaint rule. The district court then ordered this case remanded to state court. The petitioners appeal or, alternatively, seek a writ of mandamus arguing that federal jurisdiction is proper because a federal question now appears on the face of the amended complaint. The petitioners contend we have jurisdiction over the remand order because the district court lacked authority to sua sponte reevaluate its prior order.

As an initial matter, we must determine whether we have jurisdiction to review the district court's remand order. Although 28 U.S.C. § 1447(d) generally prohibits appellate review of an order remanding a case to state court, the Supreme Court has held that § 1447(d) is not implicated unless the district court remanded the case pursuant to 28 U.S.C. § 1447(c). See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996). Section 1447(c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a district court's remand order is based on a factor enumerated in § 1447(c), this court lacks jurisdiction to review the remand order either through appeal or by writ of mandamus, even if the district court's order is erroneous. See Transit Cas. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir. 1997). Hence, we must decide whether the district court's remand order falls within the ambit of § 1447(c).

3

In this case, the district court sua sponte reevaluated its denial of Karnes's remand motion and determined that this case should be remanded to state court. The petitioners argue that the district court decided to remand this case because it perceived the existence of a defect in the removal process. The petitioners contend that such sua sponte action is not permitted under § 1447(c). We disagree with the petitioners' assessment. Upon reviewing the district court's remand order, it becomes apparent that the district court was not addressing a defect in the removal process but was reevaluating the issue of subject matter jurisdiction. The plain language of § 1447(c) specifically contemplates and permits such a reevaluation. See 28 U.S.C. § 1447(c). The district court reexamined the preemptive force of the Carmack Amendment and concluded that it did not preempt Karnes's state court claims. The district court also found that the parties failed to meet the requirements for diversity jurisdiction. See 28 U.S.C. § 1332. Finding an absence of subject matter jurisdiction, the district court remanded the case to state court. Such action is directly countenanced by the language of § 1447(c), which mandates a remand anytime that the district court concludes that subject matter jurisdiction is nonexistent. As one of the § 1447(c) criteria served as the basis for the district court's remand order, § 1447(d) proscribes us from reviewing the correctness of the legal conclusions underlying that order. Specifically, we are statutorily forbidden in this case from reviewing the district court's determinations regarding diversity jurisdiction or the preemptive force of the Carmack Amendment.

Our conclusion that we lack jurisdiction to review certain components of the district court's remand order does not end our inquiry. Apart from the underlying basis of the district court's order, we still must address the impact of Karnes's amended complaint on our jurisdiction to review the propriety of the remand. We conclude that unlike the subject matter considerations enumerated in the district court's order, the amended complaint falls outside the ambit of § 1447(c). The amended complaint containing a federal Carmack claim is a separate source of federal jurisdiction. Standing alone, it is unrelated to the removal issues addressed in the district court's order. Accordingly, § 1447(d) is not implicated, and we have jurisdiction to review the

4

singular issue of how the amended complaint affects the validity of the district court's remand order. We review non-1447(c) subject matter jurisdiction determinations de novo. Cf. Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996). Pursuant to our precedent, we undertake our review of the district court's order by way of appeal, and we dismiss the petitioners' motion for a writ of mandamus. See id. We now turn to the propriety of the district court's remand order in view of the amended complaint.

It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect. See Washer v. Bullit County, 110 U.S. 558, 562 (1884). Hence, in cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint. This court, however, does recognize an exception to the amended complaint rule. Indeed, we have held that when a district court orders a party to amend its complaint or when the decision to amend is otherwise involuntary, the question of proper removal must be answered by examining the original rather than the amended complaint. See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1241 (8th Cir. 1995). In Humphrey, the plaintiff filed a motion to amend his complaint after the district court determined that his state law claims were preempted by federal law. We held that such a motion was involuntary because the plaintiff faced the Hobson's choice[2] of amending his complaint or risking dismissal. See id.

In the instant case, Karnes faced a Hobson's choice. After initially determining that federal law preempted her state claims, the district court granted Karnes leave to file an amended complaint. At that point, Karnes could either file an amended complaint or risk dismissal of her entire case. Such a patently coercive predicament

_____

[2]Thomas Hobson (1544-1631) was an English liveryman whose historical repute (or perhaps ignominy) stems from his method of forcing his customers to choose either the horse closest to the door or no horse at all.

5

renders the filing of her amended complaint involuntary. The involuntariness of Karnes's action requires us to treat her amended complaint as if it had never been filed. Hence, only the original complaint governs the question of federal jurisdiction in this case. As the confluence of § 1447(c) and (d) forbids us from reviewing the district court's determinations of subject matter jurisdiction with respect to the original complaint, we must affirm the district court's order remanding this case to state court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.