# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2333

_____

Edward Dunn,                 *
                                   *
           Appellant,       *
                                     *    Appeal from the United States
      v.                        *    District Court for the
                                     *    Eastern District of Missouri.
Astaris, LLC,            *
                                     *    [UNPUBLISHED]
           Appellee.        *

_____

Submitted: July 1, 2008
Filed: August 27, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Edward Dunn appeals the district court's order denying his motion to remand to state court his retaliatory-discharge action against his former employer, Astaris, LLC. The district court also granted Astaris judgment on the pleadings. We vacate the district court's judgment.

A district court's denial of a motion to remand is reviewable in an appeal from final judgment, see Morgan v. Kroger Grocery & Baking Co., 96 F.2d 470, 472 (8th Cir. 1938), and we review the denial de novo, see Schuver v. MidAm. Energy Co., 154 F.3d 795, 798 (8th Cir. 1998) (standard of review).

Dunn, whose employment by Astaris was governed by a collective bargaining agreement (CBA), was injured on the job in February 2001. He filed a Missouri workers' compensation claim. Due to the injury, Dunn took a leave of absence in October 2001, and in April 2002 he began his leave under Astaris's long-term disability plan. In February 2005 Dunn's long-term disability benefits were discontinued after he failed to provide requested information; thereafter, Astaris terminated Dunn. Dunn, in turn, sued Astaris in state court under Mo. Rev. Stat. § 287.780 (no employer shall discharge or discriminate against employee for exercising rights under workers' compensation act), claiming that he should have been allowed to return to work in April 2002 when he reached maximum medical improvement, but that he was denied the opportunity solely because he had filed a workers' compensation claim a year earlier.

Astaris removed the case to federal court arguing that Dunn's suit was preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), because resolution of Dunn's claim depended on interpretation of Article 11, Section 8, of the CBA, which governed the return to work of employees on medical leave. The provision states in relevant part that an employee who becomes "physically unfit" to continue in his job "will by mutual agreement" be placed in a job he can handle. Astaris asserted that Dunn would need to show his filing of a workers' compensation claim was the sole cause of his discharge, and that to determine whether he could do so, the fact finder would have to interpret Article 11, Section 8. The district court agreed with Astaris and concluded that Dunn's wrongful-discharge claim was preempted because the CBA provision was implicated: the fact finder would have to determine such things as whether Dunn was unfit to perform his job when he sought to return to work, and what the phrase "will by mutual agreement" meant. The court thereafter granted Astaris's motion for judgment on the pleadings, finding that Dunn's claim was time-barred because it was outside section 301's six-month limitations period.

To determine if Dunn's claim is preempted, we must find that interpretation of a specific provision of the CBA is required, or that the claim is inextricably intertwined with the CBA. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06, 410 (1988) (there is no preemption unless state-law claim itself is based on, or is dependent on analysis of, relevant CBA); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) (if state law claim is based on CBA or is "inextricably intertwined" with contents of CBA, claim is subject to § 301 preemption). Some of our cases have applied Lingle in a rather broad way. See Johnson v. Anheuser Busch, Inc., 876 F.2d 620, 624 (8th Cir. 1989). Nevertheless, we find the line of cases that has taken a narrower approach to LMRA preemption--asking only whether the claim itself, regardless of probable defenses, is necessarily grounded in rights established by the CBA--is the better approach. See Bogan v. General Motors Corp., 500 F.3d 828, at 832 (8th Cir. 2007); Meyer v. Schnucks Markets, Inc., 163 F.3d 1048, 1050-52 (8th Cir. 1998) (court is free to choose which line of cases to follow when faced with conflicting precedents; there is no preemption unless state-law claim itself is based on, or is dependent on analysis of, relevant CBA).

Our analysis begins with what Dunn must prove to be successful: (1) he was an employee of Astaris before the injury; (2) he exercised his rights under the workers' compensation act; (3) Astaris refused to allow him to return to work in April 2002; and (4) an exclusive causal relationship existed between Dunn's actions and Astaris's actions. See Hansome v. Northwestern Cooperage Co., 679 S.W.2d 273, 275 (Mo. 1984). If Astaris had a valid, non-pretextual reason to refuse to allow Dunn to return to work, then Dunn cannot prove the workers' compensation claim was the exclusive cause of his termination. See Bloom v. Metro Heart Group of St. Louis, 440 F.3d 1025, 1029 (8th Cir. 2006).

It appears to us that the question of a causal relationship between Dunn's claim and Astaris's refusal to allow him to return to work turns on purely factual questions about Astaris's conduct and motives rather than on the scope of Astaris's contractual

authority to refuse to reinstate Dunn to his position. See Meyer, 163 F.3d at 1050-52 (state-law retaliatory discharge claims were not preempted by LMRA because cases turned on purely factual questions about employer's conduct and motives rather than on scope of employer's contractual authority to discharge employees). Astaris's reliance on Article 11, Section 8, in defense of Dunn's claim does not render the case removable. See Johnson v. AGCO Corp., 159 F.3d 1114, 1115-17 (8th Cir. 1998) (presence of federal question, even § 301 question, in defensive argument does not render cause removable; employer's non-retaliatory reason to discharge employee based upon provisions in CBA--that employee's disability rendered him unable to perform--was not enough to confer federal jurisdiction based on complete preemption); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1244 (8th Cir. 1995) (fact that defense to claim relied upon CBA--employer asserted there was "just cause" for discharge under CBA--held not to create basis for LMRA preemption). In sum, we cannot say that Dunn's claim is necessarily grounded in rights established by the CBA, or that the claim is "inextricably intertwined" with consideration of the CBA.

Accordingly, we vacate the district court's judgment and we remand for entry of an order remanding the case to state court.

_____