# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-2276/2285/2295/2298/2303/2313

_____

| | |
|---|---|
| In Re: Wireless Telephone Federal Cost Recovery Fees Litigation<br><br>_____<br><br>Joseph A. Blando, Individually and as Representatives of the Class of Customers of Nextel Retail Stores, Inc., Who Were and Are Being Charged a Fee for "Federal Programs Cost Recovery" (WDMO 02-921); James Sanders, Individually and as Representatives of the Class of Customers of Nextel Retail Stores, Inc., Who Were and Are Being Charged a Fee for "Federal-Programs Cost Recovery" (WDMO 02-921); Greg Benney, Individually and as Representative of the Class of Customers of Spring, Inc., Who Were and Are Being Charged a Fee for Usa Regulatory Obligations Fee (WDMO 02-4269),<br><br>        Plaintiffs - Appellees,<br><br>Daniels & Daniels, PA, on Behalf of Itself and All Others Similarly Situated (WDMO 03-1090),<br><br>        Plaintiff, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

Seth Lamb, (WDMO 03-1091),        *
        *

        Plaintiff - Appellee,     *
        *

Steve Strange, on Behalf of Himself  *
and All Others Similarly Situated    *
(WDMO 01-1092),        *
        *

        Plaintiff - Appellant,    *
        *

James Edward Campbell, on     *
Behalf of Himself and All Others    *
Similarly Situated (WDMO      *
03-1093); Jakobson Properties, LLC, *
Individually and on Behalf of All   *
Others Similarly Situated (WDMO  *
03-1148); Desiree T. Mack,     *
(WDMO 03-1145); Pamela      *
Clinkscales, (WDMO 03-1146);   *
Irene Houston, (WDMO 03-1146);  *
Dennis Patrick, (WDMO 03-1146),  *
        *

        Plaintiffs - Appellees,   *
        *

Bravo Restaurants, Inc. (WDMO  *
03-1147); Heights Glass and    *
Mirror 2, on Behalf of Themselves  *
and All Others Similarly Situated   *
(WDMO 03-1147),        *
        *

        Plaintiffs,        *
        *

Susan McCaughey, Susan and John *
McCaughey, on Behalf of      *
Themselves and All Others Similarly *
Situated (WDMO 03-1149); John  *
McCaughey, (WDMO 03-1149);   *

Pat M. Pulitano, on Behalf of                *
Themselves and Others Similarly              *
Situated (WDMO 04-50); Die Cut               *
Paper Products, Inc., on Behalf of           *
Themselves and All Others Similarly          *
Situated (WDMO 04-50); Robert F.             *
Milner, on Behalf of Himself and All         *
Others Similarly Situated (WDMO              *
04-51); Star Painting &                      *
Wallcovering of Skippack, Inc.               *
(WDMO 04-55); William Drugan,                *
(WDMO 04-52); Thomas Lang, on                *
Behalf of Himself and All Others             *
Similarly Situated (WDMO 04-53);             *
Steve Alport, on Behalf of Himself           *
and All Others Similarly Situated            *
(WDMO 04-62),                                *
                                             *
          Plaintiffs - Appellees,            *
                                             *
Ralph St. George, (WDMO 04-54);              *
Ambrose Petroleum, Inc., on Behalf           *
of Themselves and All Others                 *
Similarly Situated (WDMO 04-54),             *
                                             *
          Plaintiffs,                        *
                                             *
Daniel Ferazzoli, on Behalf of               *
Himself and All Others Similarly             *
Situated (WDMO 04-104-cv); David             *
Kukral, (04-102-cv); Laura Garafolo,         *
(04-0103-CV); Tanna Sparks,                  *
(WDMO 04-134); Jessalyn Brewer,              *
on Behalf of Herself and All Others          *
Similarly Situated (WDMO 04-133);            *
Paul Lamia, (WDMO 04-159); Anne              *
Franczyk, (WDMO 04-265);                     *

Christine Hobson, (WDMO 04-264);       *
Jaclyn Lee Bowden, (WDMO               *
04-264); Paula Jones, (WDMO            *
04-264); Patricia Gamble, (WDMO        *
04-264); Regionald N. Wilson,          *
(WDMO 04-264); Jocelyn Conwell;        *
Frank Cherry; Dennis Gregory;          *
Steve D. Solomon; Elizabeth Cherry;    *
Julio Prieto,                          *
                                       *
     Plaintiffs - Appellees,       *
                                       *  Appeals from the United States
     v.                            *  District Court for the Western
                                       *  District of Missouri.
Nextel West Corporation, (WDMO         *
02-921, 03-1092, 03-1147, 04-102);     *
Nextel Partners, Inc. (WDMO            *
02-921 and WDMO 03-1092),              *
                                       *
     Defendants - Appellees,       *
                                       *
Nextel Operations, Doing Business      *
as Nextel Communications, Nextel       *
Retail and/or Nextel, Inc.; Nextel     *
West Services, Doing Business as       *
Nextel Communications, Nextel          *
Retail and/or Nextel, LLC; Nextel      *
Partners Operating Corp., Doing        *
Business as Nextel Partners,           *
(WDMO 02-921); Nextel South            *
Corp., Doing Business as Nextel        *
Communications, (WDMO 02-921           *
and WDMO 03-1090); Nextel, of          *
California, Inc. (WDMO 02-921);        *
Sprint International Communications    *
Corp., (WDMO 02-4269, 04-62);          *
Sprint Communications Company,         *

LP, (WDMO 02-4269, 04-62); Sprint      *
Spectrum, LP (WDMO 02-4269,      *
03-1093, 04-51, 04-53, 04-62),      *
     *
           Defendants,      *
     *
Nextel Communications, Inc.      *
(WDMO 03-1091, 03-1092,      *
03-1145, 03-1148, 04-50, 04-52,      *
04-55, 04-103-cv, 04-104),      *
     *
           Defendant - Appellee,      *
     *
Does 1-1000, Inclusive (WDMO      *
03-1092); Does 1-100, (WDMO      *
03-1093); Nextel, of New York, Inc.      *
(WDMO 03-1148, 03-1149); AT&T      *
Wireless Services, Inc. (WDMO      *
03-1146); Cingular Wireless, LLC      *
(WDMO 03-1146); Sprint      *
Corporation, (WDMO 03-1146,      *
04-53, 04-62); Nextel Retail      *
Stores, Inc. (WDMO 03-1149,      *
04-50); Nextel Communications, of      *
the Mid-Atlantic, Inc. (WDMO      *
04-50, 04-54); Sprintcom, Inc.      *
(WDMO 04-53, 04-62),      *
     *
           Defendants,      *
     *
Steven Robertson; Diane Hohne,      *
     *
           Objectors - Appellants,      *
     *
John Hohne; Steve Strange,      *
     *
           Objectors,      *

```
                                    *
Christopher Freeman; Susan          *
Martelli; Joseph Martelli; Rolando  *
Prado,                              *
                                    *
          Objectors - Appellants,   *
                                    *
Richard Thompson; Hipolito          *
Gonzalez; Pete A. Gonzalez; Robert  *
Falkner; Paul Lamia; Lewis,         *
Goldbert & Ball; Paul L. Bittner;   *
Wireless Consumers Alliance, Inc.;  *
Meliza Aldea; William Friedrich;    *
Peter Friedrich; SS&E Trucking;     *
Robert Reznick; Stainless Systems,  *
Inc.; Samaraweera Law Office;       *
Utility Consumers' Action Network;  *
Circuit City Stores, Inc.; Daniels &*
Daniels, PA; Bravo Restaurants, Inc.;*
Heights Glass and Mirror 2; Ralph   *
St. George; Ambrose Petroleum, Inc.;*
Dynamic Network Support, LLC,       *
                                    *
          Objectors.[1]             *
                  _____
```

Submitted: October 21, 2004

Filed: February 1, 2005 (Corrected February 16, 2005)

_____

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

[1]An official caption containing a complete list of parties is on file and available for inspection in the Office of the Clerk of Court, United States Court of Appeals for the Eighth Circuit.

SMITH, Circuit Judge.

Steven Robertson *et al.* (the Robertson objectors) and other objectors appeal the district court's settlement approval in this multidistrict litigation (MDL) conducted in the United States District Court.[2] The litigation arose out of billing disputes between wireless telephone service providers and their customers. Defendant Nextel Communications, Inc., *et al.* (Nextel), and named class plaintiffs Joseph A. Blando *et al.* (the Blando plaintiffs) eventually agreed to a nationwide class settlement and submitted the terms of the settlement to the district court for approval. Several parties to the MDL action filed objections to the nationwide settlement and the settlement procedure. The district court approved the settlement agreement and several objectors appealed.[3] We now affirm the district court's approval of the nationwide class action settlement.

## I. *Background*

Nextel, Cingular Wireless LLC (Cingular), and Sprint Spectrum, L.P. (Sprint), as wireless service providers, charged their customers a "Federal Programs Cost Recovery" (FPCR) fee in order to maintain services mandated by federal law. The providers used the fee to pay for enhanced 911 capabilities (E911), wireless local telephone number portability (LNP), and telephone number pooling capabilities. Federal regulation permits the wireless companies to recoup those costs associated with the services by charging customers a line-item fee. Nextel charged its customers these fees under a line item listed as "Tax, Fees, and Assessments."

---

[2]The Honorable Fernando J. Gaitan Jr., United States District Judge for the Western District of Missouri.

[3]Prior to submission of this case, Paul Lamia *et al.* filed a motion to dismiss their portions of the appeal. On October 8, 2001,we granted the motion in accordance with Federal Rule of Appellate Procedure 42(b).

Several classes of plaintiffs in various states filed actions challenging Nextel's recoupment of the FPCR costs by this means. The plaintiffs essentially alleged that Nextel impermissibly disguised a rate hike as a tax, fee, or assessment. The Blando plaintiffs, who filed their action in Missouri state court, were on the forefront of this litigation. The Blando plaintiffs' complaint included state law claims for unfair merchandising practices, unjust enrichment, and breach of contract. Nextel vigorously fought to remove these actions to federal court.

Nextel succeeded in removing the *Blando* action to the United States District Court for the Western District of Missouri. The Blando plaintiffs argued that the district court lacked subject matter jurisdiction, and filed a motion in the district court seeking a remand of the case to state court. The district court did not rule on the Blando plaintiffs' removal motion. While the case was pending, the Blando plaintiffs entered into settlement negotiations with Nextel. In the meantime, several other cases filed in various state courts were removed to federal court. Nextel motioned for consolidation pursuant to 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation (JPML) created MDL-1559 finding that:

> All MDL-1559 actions present common, complex legal and factual questions concerning the disclosure and/or propriety of line-item fees charged by wireless telephone service providers to customers for recovering the costs of complying with one or more federally mandated telecommunications programs. Plaintiffs challenge essentially the same billing conduct and seek relief on behalf of frequently commonly defined (if sometimes geographically separate) plaintiff classes.

At the time MDL-1559 was created, *Blando v. Nextel* had proceeded further than any of the other cases. Thus, the Western District of Missouri was called on to preside over MDL-1559. In *Blando*, a proposed settlement had been filed and Nextel moved

for an injunction to stay all related federal and state actions pending approval of the settlement.[4]

After MDL-1559 was formed, the Blando plaintiffs and Nextel settled all claims arising out of the FPCR fee on a nationwide class basis. To ensure the validity of the settlement, Blando filed an amended complaint alleging a federal cause of action so as to make certain federal jurisdiction. The Blando plaintiffs and Nextel then submitted expert reports on the value the proposed settlement would provide to the class members. The district court conducted a fairness hearing and considered objections. After the fairness hearing, Nextel submitted additional evidence *in camera* upon the court's request. Despite several objections, the district court approved the settlement.

---

[4]The district court, in order to protect its jurisdiction over the multidistrict litigation, issued an injunction to prevent other related cases from reaching class certification. The court noted that allowing multiple class certifications against the same defendants based on the same facts could potentially cause serious confusion and chaos. The district court granted an injunction under the All Writs Act, codified at 28 U.S.C. § 1651. On February 12, 2004, plaintiff James Edward Campbell, *et al*. (the Campbell plaintiffs), filed a motion to modify the injunction to be applicable only to the actions pending in federal court against Nextel. The Campbell plaintiffs also filed an appeal of the injunction in this court. That appeal is now moot. After the filing of this appeal, the district court dissolved the injunction. When issues presented in a case "lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief," the case is considered moot. *Beck v. Missouri State High Sch. Activities Ass'n,* 18 F.3d 604, 605 (8th Cir.1994) (per curiam). We are required by Article III of the United States Constitution to refrain from addressing moot issues that result in advisory opinions. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Because the district court dissolved the injunction that the Campbell plaintiffs appealed, no controversy remains for ajudication.

The approved settlement creates two classes. Class A is defined as "current" Nextel subscribers who paid the FPCR fee during defined periods. Class A receives free Nextel services, including minutes, text messaging, and phone internet access. Class B is described as former Nextel subscribers who paid the FPCR fee during defined periods but terminated Nextel service prior to September 30, 2003. Because Class B members are no longer Nextel subscribers, they may receive cash reimbursement, a phone card, or a credit if they resubscribe to Nextel. The settlement also requires Nextel to disclose on its bills that the FPCR fee is not a tax but a fee that "Nextel elects to collect to recover its cost of funding and complying with Government mandates and initiatives."

Following the settlement approval, several parties and objectors brought the instant appeal. For sake of clarity, the various parties to this appeal will be referred to by the name of the lead party or objector in the underlying suit.

## II. *Discussion*
### A. *Jurisdiction*

Daniels and Daniels, PA, *et al.* (the Daniels plaintiffs) now challenges the district court's jurisdiction. The Daniels plaintiffs assert that the district court improperly assumed jurisdiction when the Blando plaintiffs essentially conceded jurisdiction in order to get the settlement approved. The district court below maintained jurisdiction in this case pursuant to 28 U.S.C. § 1331 as the plaintiffs filed suit under a federal statute, 47 U.S.C. §§ 201(b), 206, 207, challenging the rates charged by various wireless telephone carriers. Lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court. *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004).

We hold jurisdiction was proper in the district court. The Blando plaintiffs initially filed their cause of action in Missouri state court relying solely on state law. Nextel succeeded in removing the case to federal district court based upon federal

-10-

preemption. Initially, the Blando plaintiffs opposed the removal and sought to have the case remanded to Missouri state court. Then, on the same day that the Blando plaintiffs filed a Motion for Preliminary Settlement Approval, they filed an amended complaint alleging violations of the Federal Communications Act (FCA) under 47 U.S.C. §§ 201(b), 206, 207. The Daniels plaintiffs contend that jurisdiction could not be predicated on the amended complaint, and that the district court should have looked to the face of the original complaint to determine jurisdiction.

It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect. *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) (citations omitted). Rule 15(C)(2) of the Federal Rules of Civil Procedure allows an amended complaint to relate back when the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]." As such, where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint. *Atlas,* 209 F.3d at 1067.[5]

---

[5]*See also Sunkyong Intn'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1252 (8th Cir. 1987) (recognizing that an amended complaint can cure a defect in subject-matter jurisdiction); *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994) (holding that relation back is appropriate "even when the amendment states a new basis for subject matter jurisdiction"); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3rd Cir.1992) ("Relation back to the date of the original filing applies even when the amendment states a new basis for subject matter jurisdiction."); 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1497, at 94–95 (1990) (explaining that an amendment changes the legal theory on which the action initially was brought is of "no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading").

However, when a district court orders a party to amend its complaint, or when the decision to amend is otherwise involuntary, the question of proper removal must be answered by examining the original rather than the amended complaint. *Atlas,* 209 F.3d at 1067 (citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1241 (8th Cir. 1995)). In *Humphrey*, the plaintiff filed a motion to amend his complaint after the district court determined that his state law claims were preempted by federal law. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir.1995). We held that such a motion was involuntary because the plaintiff faced the Hobson's choice of amending his complaint or risking dismissal. *Id*. In *Atlas*, we applied *Humphrey* when a district court determined that the plaintiff's claims were preempted and then granted the plaintiff leave to file an amended complaint. *Atlas*, 209 F.3d 1064. There, we explained that the plaintiff was confronted with a patently coercive predicament in that the plaintiff could either file an amended complaint or risk dismissal of her entire case. *Atlas*, 209 F.3d at 1067.

Daniels urges us to extend the *Humphrey* exception to cases where "jurisdiction is conjured up at the eleventh hour in order to get a settlement approved." We decline. Unlike the situation in both *Humphrey* and *Atlas*, the Blando plaintiffs did not face the choice of amending their complaint or risking dismissal. Here, if the original complaint failed to confer jurisdiction on the federal district court, the Blando plaintiffs faced a distinctly different choice. Specifically, they could either amend their complaint or risk having their case remanded back to Missouri state court. We will not extend the *Humphrey* exception beyond cases where the plaintiff faces dismissal.

In this case, the violations of the FCA alleged in the Blando plaintiffs' amended complaint arose out of Nextel's billing the FPCR fee–the same transaction that gave rise to the Blando plaintiffs' original complaint. Therefore, we hold that the amended complaint properly conferred jurisdiction on the district court to approve the settlement.

B. *Preserving a Right to Appeal*

On appeal, the Robertson objectors seek clarification of whether an objector's right to appeal a settlement is conditioned upon the objector's successful intervention. The Robertson objectors attempted to intervene as named parties in the *Blando* case under MDL-1559. The district court denied intervention and the Robertson objectors filed two motions for reconsideration. They now appeal as "objector-appellants;" that is, they are unnamed members of the *Blando* class who object to the settlement with Nextel. Specifically, the Robertson objectors rely upon *Devlin v. Scardelletti*, 536 U.S. 1 (2002), as authority for their right to appeal in a case to which they were never granted status as parties.

The district court in this case concluded that "there is no need for the unnamed class member to be granted intervenor status in order to appeal a decision by [the district court] regarding settlement." We recognize that the Robertson objectors earnestly request clarification of whether intervention is a prerequisite to appeal. However, they fail to challenge any aspect of the district court's approval of settlement in this case. In their reply brief, the Robertson objectors maintain that they are "simply ask[ing] this Court to clarify the scope of [*Snell v. Allianz Life Ins. Co. of North America*, 327 F.3d 665, 670 (8th Cir. 2003) (refusing to address the issue when the party in an opt-out case failed to make any objections to the settlement either before the settlement was final or after she was reintroduced to the class)] for the guidance of future objectors lest it become a trap for the unwary." As such, the Robertson objectors are seeking an advisory opinion. We refuse. The Constitution charges Article III courts with the resolution of "cases and controversies," precluding them from rendering advisory opinions. *In re Bender*, 368 F.3d 846, 847–48 (8th Cir. 2004) (citing *Flast v. Cohen*, 392 U.S. 83, 96–97 (1968); U.S. Const. art. III, § 2). Accordingly, we are without jurisdiction to address the issues raised by the Robertson objectors.

C. *In Camera Review*

Appellant-objector Steve Strange *et al*., (the Strange objectors) argues that the district court erred by considering material submitted to the court by Nextel *in camera.*[6] Blando and Nextel submitted expert opinion evaluations valuing the additional minutes to be accorded class members in the settlement at between $116.5 million and $257 million. The Strange objectors objected to the settlement and specifically challenged the expert opinions received and reviewed by the district court *in camera*.

On January 29, 2004, the district court conducted a fairness hearing on the Blando-Nextel settlement. The court noted that neither the plaintiffs nor the experts properly identified the documents used to reach the settlement. Thus, the court ordered Nextel to provide a listing of the documentation that was provided to the experts, a listing of the personnel who interpreted the data, and affidavits explaining the methodology employed to calculate the minutes. To comply, Nextel filed a listing of the documents under seal for the court to review *in camera*. The Strange objectors filed a motion objecting to the *in camera* evaluation. The court did not rule on that motion, but after an Amended Settlement Agreement was filed on March 8, 2004, the court entered an order dated April 20, 2004, approving the settlement.

The Strange objectors maintain that they were entitled to view the documents submitted to the court by Nextel under seal. The Strange objectors contend they were not afforded an opportunity to make a meaningful response to the settlement without being able to view the documents considered in the *in camera* review. Although the

---

[6]Richard Thompson *et al.*, (the Thompson objectors) also argue that the district court erred in reviewing settlement evidence *in camera*. In addition, they claim that the district court erred by failing to permit additional discovery in the matter. However, the only evidence that the Thompson objectors claim that they did not get was the evidence submitted *in camera*. As such, the arguments pressed by the Thompson objectors are the same as those presented by the Strange objectors.

district court did rely on the documents submitted *in camera* to approve the settlement, it never ruled on the Strange objectors' objections. In the absence of specific findings regarding the fairness of the settlement, we must assume that the district court did not abuse its discretion unless the record establishes the contrary. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1177 (8th Cir. 1995), *cert denied*, 517 U.S. 1156 (1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 437 (1968)). Where the district court fails to make findings, we will reverse the district court only if there is no basis upon which it could have found that the settlement is reasonable, or if the settlement is improper as a matter of law. *Id.* The Strange objectors have not met this burden.

We have held due process satisfied where class members received notice of the settlement proposal and were able to argue their objections to the district court. *See DeBoer,* 64 F.3d at 1176. One district court has explained that due process was served where objectors were allowed to view sealed records provided they agreed to be bound by the terms of a protective order. *In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 706 (E.D. Mo. 2002). The court noted, however, that the objectors have pointed to no authority suggesting that a settlement fails to comport with due process when the record includes documents filed under seal pursuant to a protective order. *Id*.

According to Nextel, the documents reviewed by the district court *in camera* contained only limited information used to support the declarations already revealed in the public docket. The district court described the documents as merely providing supporting data for the number of Nextel customers who would use bonus minutes as contemplated by the settlement. While the better practice would have been to allow opposing counsel access to the information, we have reviewed the documents under seal and conclude that the Strange objectors suffered no prejudice by the district court's *in camera* review. The sealed portion of the record contains a list of the documentation provided to opposing counsel, the personnel who compiled the data,

affidavits of those personnel attesting to the methodology of compiling the data, and conclusions that Nextel maintained could be derived from the data. The Strange objectors were given all the underlying critical information used by the parties to reach a settlement. We conclude that they had sufficient information to challenge the fairness of the settlement and will not reverse on this point.

## D. *Overbroad Settlement*

In addition to their jurisdiction argument, the Daniels plaintiffs contend that the district court erred in approving the settlement because it dismissed claims that were not covered in the settlement procedure.[7] The Daniels plaintiffs assert that their claim, based on a double billing of E911 charges in the states of Florida, Illinois and Massachusetts, was never considered in the Blando-Nextel settlement.The Blando plaintiffs limited their complaint to allegations that Nextel failed to disclose that the FPCR fee was not federally mandated and operated as a concealed rate increase. The thrust of the Daniels plaintiffs' argument is that Nextel recovered once for FPCR from billing its customers and a second time from the three states. The district court concluded that the E911 fees had nothing to do with the FPCR fee and, thus, such claims did not merit disapproval of the settlement.

The Daniels plaintiffs seek to recover only a portion of the FPCR fee that they contend "double dipped" by charging it in conjunction with the E911 fee. Nextel explains that there are two phases of the E911 charge, and that the FPCR charge only relates to Phase II of E911, which Nextel never recovered independently from the states. The settlement in this case covered any and all future claims "which relate in

---

[7]Stainless Systems Incorporated (Stainless Systems) argues that the settlement agreement is overbroad in that it releases claims that were not thoroughly investigated by the Blando plaintiffs. Stainless Systems specifically references claims that could be brought under 47 U.S.C. §§ 201(b), 202(a). Nonetheless, because Stainless Systems failed to make a claim under either § 201(b) or § 202(a), they lack standing to object on this ground.

any way to the FPCR fees." The Daniels plaintiffs assert a claim that is predicated on the billing of FPCR fees, the same factual predicate supporting the Blando case. As such, the settlement necessarily includes the claims of the Daniels plaintiffs. The claims asserted by the Daniels plaintiffs is therefore properly controlled by the settlement of the entire FPCR billing.

In their reply brief, the Daniels plaintiffs assert that a separate and distinct harm from the deceptive FPCR charges was salient under various state laws. To that extent, the Daniels plaintiffs argue that, in addition to the settlement of the FPCR billings, they would have been able to recover the following:

(1) In Illinois – Economic and putative damages;
(2) In Florida – Damages, attorneys' fees, and costs; and
(3) In Massachusetts – injunctive relief and up treble damages.

We recognize that when recovery depends on various forms of state law, class treatment may be inappropriate. *See In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001). Nonetheless, the Daniels plaintiffs assert these claims for the first time in a reply brief. Claims not raised in an initial brief are waived, and we do not generally consider issues raised for the first time on appeal in a reply brief. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 869 (8th Cir. 2004).

E. *Fair, Reasonable, and Adequate*

The remaining issues raised by objectors contend that the approved settlement is not fair, reasonable, and adequate. Under Federal Rule of Civil Procedure 23(e), the district court acts as a fiduciary, serving as a guardian of the rights of absent class members. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir.1975). In light of the exposure to the litigants and litigation, we review a district court's approval of a class action settlement for an abuse of discretion. *In re BankAmerica*

-17-

*Corp. Secs. Litig.*, 350 F.3d 747, 751–52 (8th Cir. 2003); *In re Int'l House of Pancakes Franchise Litig.*, 487 F.2d 303, 304 (8th Cir. 1973).

A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Grunin,* 513 F.2d at 124 (citations omitted); *see also Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). The district court need not make a detailed investigation consonant with trying the case; it must, however, provide the appellate court with a basis for determining that its decision rests on "well-reasoned conclusions" and is not "mere boilerplate." *Van Horn*, 840 F.2d at 607 (citations omitted). The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted).

In this case, the district court entered a detailed order evaluating the strength of the class claims against the strengths of Nextel's defense in conjunction with the features of the settlement offer. The district court ultimately determined "that the outcome of the litigation would be far from certain." We cannot say that such a factual determination is an abuse of discretion. After reviewing calculations by two economists, the district court determined that the value of the settlement would be between $164,467,645 and $256, 952, 181. The range in value recognized that some Nextel subscribers would not use bonus minutes and the value of each minute ranged from $.10 per minute to $.35 per minute. In addition, the settlement called for prospective equitable relief in the form of additional disclosure requirements in connection with Nextel's FPCR fee advertising and billing practices. Weighing the uncertainty of relief against the immediate benefit provided in the settlement, we

conclude that the district court acted within its discretion when considering the strength of the claims and the amount of the settlement.

As to the second factor, there is no indication that Nextel's financial condition would prevent it from raising the settlement amount. Regarding the third factor, the district court considered the time interval before any individual class member would be afforded redress. Nextel mounted a formidable defense in this nationwide class action subject to the delays and complexities associated with multidistrict litigation. Indeed, this case had yet to complete discovery, much less the inevitable appeals that would have been necessary before a final resolution. The district court properly explained that, barring settlement, this case would "likely drag on for years, require the expenditure of millions of dollars, all the while class members would receive nothing." Lastly, while the briefing in this appeal would indicate otherwise, the amount of opposition to the settlement is minuscule. The district court concluded that only .00068% of the class objected to the settlement and only .0024% of the class opted out. Clearly, the number of objectors in this case fell well below the four percent of objectors paraded in *Petrovic*. The district court has a duty to the silent majority as well as the vocal minority. *DeBoer*, 64 F.3d at 1178. While we agree that these vocal objectors should also be considered, we do not believe that disapproval of the settlement is warranted in this case. *See Petrovic*, 200 F.3d at 1152.

F. *The Shrinking Benefits Objection*

The final objection to the fairness of the settlement has been characterized as a "shrinking benefit." Under the construct of the settlement, certain class members are potentially precluded from recovering any benefits. Specifically, according to Stainless Systems, any person who terminates service with Nextel after September 30, 2003, but before distribution of the settlement, will not receive any benefit. This "void" occurs because the settlement bifurcates the class members. Class A is defined as "current" class members and gives benefits in the way of free Nextel service–minutes, text messaging, and phone internet access. Class B is described

temporally as those persons who terminate Nextel service prior to September 30, 2003. Because persons in Class B are no longer Nextel subscribers, they get a credit (if they resubscribe to Nextel), cash reimbursement, or a phone card. Thus, according to Stainless Systems, a class member that cancels Nextel service after September 30, 2003, but before benefits are distributed, forfeits his or her benefits under the settlement agreement. Stainless Systems argues that those class members do not fit into either a classification as a "current" customer or a customer who cancelled service prior to September 30, 2003.[8] In response, Nextel contends that the discrete members of the class who cancel service after September 30, 2003, but before benefits are distributed are no different from other members in a settlement who elect not to claim their settlement benefits. Nextel compares this set of class members to those who elect to discard or sell a product rather than take advantage of free repairs, class members who elect not to submit claim forms, or Class B members from the current settlement who elect not to cash a distributed check. We agree.

We have recognized that a class action settlement is a private contract negotiated between the parties. *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 992 (8th Cir. 2003). Rule 23(e) requires the court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud

---

[8] The record fails to disclose whether Stainless Systems cancelled service with Nextel after September 30, 2003. Nonetheless, Stainless Systems maintains standing to pursue this claim because they argue that they are being coerced into keeping Nextel as their cellular provider. Specifically, Stainless Systems argues that under the settlement agreement, it must maintain service with Nextel until distributions are awarded in order to recover under the settlement. As such, Stainless Systems argues that it can either stay as a customer and recover under the settlement, or it can cancel service and forfeit any recovery. Stainless Systems' allegations constitute sufficient injury in fact to satisfy the standing requirements of Article III. *See Bennett v. Spear,* 520 U.S. 154, 168–69, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (explaining that a harm "produced by determinative or coercive effect" upon a third party satisfies the injury in fact requirement when the harm is "fairly traceable" to that effect).

or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned. *Id.* Stainless Systems failed to provide a convincing argument to support the reversal of a reasonable settlement based solely on the fact that some members of a subclass may not receive benefits. This is not a case where the settlement failed in its entirety to provide a subclass with recovery. *See, e.g., Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781 (7th Cir. 2004); *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003). Here, the settlement notice sufficiently informed members of Class A that their recovery was potentially contingent upon maintaining service with Nextel. This potential contingency affecting a relatively small portion of the class is insufficient to render the settlement patently inadequate, unfair, or unreasonable.

## III. *Conclusion*

For the foregoing reasons, we affirm the district court's order approving the proposed settlement.

_____