**Sean KELLY, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**PHITEN USA, INC., a California Corporation, and Does 1–10, inclusive, Defendant.**

**No. 4:11–cv–00067–JEG–CFB.**

United States District Court, S.D. Iowa, Central Division.

Oct. 28, 2011.

Behram Viraf Parekh, Kirtland & Packard LLP, El Segundo, CA, Christopher Marlborough, Faruqi & Faruqi, LLP, New York, NY, Jon A. Tostrud, Cuneo Gilbert & Laduca LLP, Washington, DC, Marc L. Godino, Glancy Binkow & Goldberg LLP, Los Angeles, CA, J. Barton Goplerud, Hudson Mallaney Shindler & Anderson PC, West Des Moines, IA, for Plaintiff.

Ross W. Johnson, Todd P. Langel, Faegre & Benson LLP, Des Moines, IA, Aton Arbisser, Joshua S. Stambaugh, Kaye Scholer LLP, Los Angeles, CA, for Defendant.

## ORDER

JAMES E. GRITZNER, District Judge.

Now before the Court is a Motion to Certify Class, a Motion for Final Approval of Settlement, and an Unopposed Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement of Expenses filed by Plaintiff Sean Kelly (Kelly) on behalf of himself and all others similarly situated. Defendant Phiten USA, Inc. (Phiten or Defendant), has not resisted these motions. Both parties were represented by counsel at the Final Hearing [1] held on October 13, 2011. The matter is now ready for final ruling.

## I. BACKGROUND

On February 14, 2011, Kelly filed a five-count class action complaint, alleging that Defendant violated California's False Advertising Act, Cal. Bus. & Prof. § 17500 (West), California's Unfair Competition Law, Cal. Bus & Prof. § 17200 et seq. (West), California's Deceptive Practices Act, Cal. Civ. § 1750 et seq. (West), and Iowa's Consumer Fraud Act, Iowa Code § 714H, and that Defendant has been unjustly enriched.[2] Kelly premises his claims upon the alleged false advertising utilized by Phiten to sell its accessories, in which Phiten promoted its Products as providing certain health benefits. In June of 2011, Kelly sought class certification and preliminary approval of the parties' class action settlement, which this Court preliminarily approved on July 11, 2011. The July 11 Order defined the class as follows:

> All persons who purchased one or more Phiten Products in the United States during the period from February 14, 2007 to the date of this Order (July 11, 2011). Excluded from the Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the settling parties in this action, and (c) any and all judges and justices assigned to hear any aspect of this action.

Order ¶ 4, ECF No. 26. Pursuant to the conditional approval, a Final Hearing was held on October 13, 2011, at which time the parties jointly requested final class certification, approval of their Settlement Agreement, and approval of their stipulated attorneys' fees, awards, and expenses.

Per the terms of the Settlement Agreement, Phiten is required to provide a Settlement Fund of $3.2 million.[3] Class members

---

**1.** The Court adopts the capitalization of terms used in the Stipulation of Settlement and the definitions therein.

**2.** Kelly filed an amended complaint on August 17, 2011, adding a single paragraph to the factual allegations section in compliance with the terms of the Stipulation and Agreement.

**3.** The Settlement Agreement provides for an additional $300,000 if the claims, fees, costs, and expenses exceed the guaranteed $3,200,000. At

who return the Phiten Product with proof of purchase are entitled to receive up to 300% of the Product's retail price. Those persons who cannot demonstrate proof of purchase but, nevertheless, return the Product, are entitled to a full refund of the Product's retail price. At the Final Hearing, the parties informed the Court that, with the claims period having expired, the settlement price was more than adequate to cover all claims submitted. In addition to reimbursing the Settlement Class Members, Phiten has agreed to remove certain statements from its advertising for the next four years or until additional substantiation is provided for its claims.[4]

## II. DISCUSSION

### A. Class Certification

■ In order to grant class certification, the Court must find that the requirements of Federal Rule of Civil Procedure 23(a) have been met. Rule 23(a) requires that

 (1) the class is so numerous that joinder of all members is impracticable;

 (2) there are questions of law or fact common to the class;

 (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

 (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a)(1)–(4). When considering numerosity, the Court may consider, amongst other relevant factors, the number of persons involved in the class, the nature of the action, the value of each individual claim, and the inconvenience of trying individual suits. *Paxton v. Union Nat'l Bank,* 688 F.2d

552, 559–60 (8th Cir.1982). As stipulated by the parties, Phiten Products, each of minimal individual retail value, are sold across the United States, and, conservatively, hundreds of thousands of consumers have purchased these Products during the relevant time period.[5] Accordingly, the Court finds that the numerosity requirement has been met.

■ Regarding the commonality requirement, "Rule 23 is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir.1995) (internal quotation marks and citations omitted). Kelly's claims are premised upon the advertising practice that Phiten employed nationwide. Since the injuries pertain to the alleged common misrepresentation perpetrated against the Class Members, commonality is apparent. *See Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) ("Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." (internal quotation marks and citation omitted)).

■ Typicality requires that there are "other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir.1996) (internal quotation marks and citation omitted). "The burden is 'fairly easily met so long as other class members have claims similar to the named plaintiff.'" *Id.* (quoting *DeBoer,* 64 F.3d at 1174). Here, typicality is clearly met as each Settlement Class Member's grievance is based upon the alleged misleading statements made by Phiten.

---

the time of the hearing, however, the parties reported that based upon claims received during the claims period, the Settlement Fund contained sufficient funding and the additional contribution would not be required. Pursuant to the Settlement Agreement, any excess over payment of claims, fees and expenses, will be contributed to identified charitable or relief causes.

**4.** Specifically, Defendant is prohibited from stating that its Products

 (a) affect the body's energy management system; (b) create a field of energy; (c) stabilize

the flow of energy in the body; (d) relax nerve cells; (e) cause the body to reach its maximum potential; (f) cause the body to reach its equilibrium; (g) provide relief from pain; (h) diagnose any disease; (i) treat any disease; or (j) prevent any disease.

Pl.'s Memo. Supp. Final Approval Settlement 4, ECF No. 40.

**5.** At hearing, counsel for Phiten advised there appear to have been as many as one million products sold.

■ Finally, Rule 23(a)(4) focuses on whether "(1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562–63. This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). It is apparent to the Court that Kelly is represented by capable counsel. Furthermore, there is no indication that Kelly has any interest contrary to or in competition with the interests of his fellow class members.

■ Having satisfied Rule 23(a), the Class Members must also fit within one of the categories enumerated in Rule 23(b). To qualify for certification under Rule 23(b)(3), the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem*, 521 U.S. at 625, 117 S.Ct. 2231. This Court finds persuasive that the Class Members are bound by a common purchase of Phiten Products, that these products are subject to claims of alleged misrepresentation, and that Phiten's liability regarding these misrepresentations is the predominant issue in each of these claims.

Rule 23(b)(3) also requires that a class action must be the superior method by which the Class Members can adjudicate their controversy. Fed.R.Civ.P. 23(b)(3). Considering the large number and small individual value of the claims were they each to be pursued individually, the Court is persuaded that a class action is the best, if not only, means of efficiently pursuing this controversy.

Having determined that all elements for class certification are met, the Court grants certification of the Settlement Class for purposes of Settlement.

**B. Sufficiency of Notice**

■ As a preliminary matter, the Court will first consider the adequacy of the Notice provided to the Settlement Class Members as set forth in Exhibits C and D to Plaintiff's Memorandum in Support of the Motion to Certify Class. Under Federal Rule of Civil Procedure 23(c)(2)(B), notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In compliance with this mandate, Notice was sent based upon Phiten's customer e-mail data, with 114,712 e-mails successfully sent to Phiten customers. Notice was also published in two national publications: USA Today on July 25, 2011, and In Touch magazine on August 1, 2011. Furthermore, Notice was displayed on Phiten's Facebook page, which delivered individual e-mail notification to its more than 75,000 fans and also appeared on each fan's Facebook homepage. Class Members were given fifty-seven days following the publication of Class notice to submit claims and fifty-nine days following publication to determine whether to object or opt-out of the Settlement.[6]

In addition to adequate distribution, Rule 23 requires that Notice "clearly and concisely state in plain, easily understood language" the essentials of the Settlement, including the nature of the action, the definition of the certified class, the claims and defenses at issue, the right to opt-out or object, the time and manner to opt-out or object, and the binding effect of class judgment on class members. Fed.R.Civ.P. 23(c)(2)(B). The Notice provided to Settlement Class Members explained, amongst other things, the purpose of the Notice, the origin of the lawsuit, the definition of the Settlement Class, the size of the Settlement Fund, the means of recovering under the Settlement, the

---

**6.** The Court finds reasonable notice efforts did not require communication through websites and other retailers not controlled by Phiten.

means of opting-out of or objecting to the Settlement, the date and time of the Final Hearing, the additional restrictions placed on Defendant's conduct, and the names and addresses of Class Counsel.

Upon review of the distribution of Notice and contents contained therein, the Court finds that Plaintiff provided sufficient notice, which was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Phiten Actions, terms of the proposed Settlement, and their right to appear, object to, or exclude themselves from the proposed Settlement. Furthermore, the Court determines that full opportunity has been given to the Settlement Class Members to opt-out of the Settlement Agreement, to object to the terms of the Settlement, to object to Class Counsel's request for attorneys' fees and expenses, and to otherwise participate in the Final Hearing.

## C. Evaluation of the Settlement

 Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a Settlement Agreement only upon a "finding that it is fair, reasonable and adequate." Fed.R.Civ.P. 23(e)(2). This determination is entrusted "to the sound discretion" of the district court. *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 123 (8th Cir.1975). When making this determination, "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 932 (8th Cir. 2005). To protect those rights, the Court must consider four factors to determine if the settlement is fair, reasonable, and adequate: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settle-

ment." *Id.* (citing *Grunin,* 513 F.2d at 124). Based upon the record before the Court, it is clear that the Settlement Class Members faced significant risks in adjudicating their claims. The possibility of a large monetary recovery through future litigation is highly speculative, and any such recovery would occur only after considerable additional delay. Specifically, the Settlement Class Members would have faced challenges by the Defendant regarding their eligibility for class certification due to choice of law limitations, diversity complications, and arbitration agreements. Additionally, they faced the burden of proving falsity and damages,[7] and the litigation would likely have been long and costly, as Defendant has capable counsel at its disposal and intended to challenge nearly every aspect of Settlement Class Members' case. Were the Settlement Class Members to receive a favorable trial verdict, they still would have faced costly and lengthy appeals, delaying the receipt of benefits.

Bearing this in mind, the record also reflects that the Settlement Class has obtained a highly favorable recovery, more than adequate to address claims and expenses. This recovery was obtained after significant investigation and extensive arm's-length negotiations. Finally, the record reflects that, despite notice and opportunity, no Settlement Class Members have opted out of the Settlement Agreement.[8] Weighing all these factors, considering them in light of the assumption of fairness and reasonableness entitled to settlements obtained through arm's-length negotiations, and bearing in mind the general principle that the Court "should not substitute [its] own judgment as to optimal settlement terms for the judgment of the litigants and their counsel," this Court holds that the evidence supports approval of the Settlement. *Grove v. Principal Mut. Life Ins. Co.,* 200 F.R.D. 434, 445 (S.D.Iowa 2001) (altera-

**7.** The Court notes there was no claim of personal injury to any purchasers, and some significant number of purchasers did so as sports fans without regard to the representations of health benefits.

**8.** While no Class Member opted out of the Settlement Agreement, the record reflects that one Settlement Class Member, Robert Kohlhagen, filed a Motion for Leave to Intervene and Obtain

Limited Discovery, which the Court denied initially and upon appeal. Following this denial, Mr. Kohlhagen refrained from appearing at the Final Hearing. Therefore, this Court does not consider Mr. Kohlhagen's objection, as he failed to comply with the July 11 Order by failing to file a Notice of Intent to Object and further failing to appear at the Final Hearing.

tion in original) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148–49 (8th Cir. 1999)).

The Settlement Agreement is, accordingly, approved and confirmed as fair, reasonable, and adequate to all Settlement Class Members. The Parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms. The Court dismisses, on the merits and with prejudice, all claims currently pending before it that belong to Settlement Class Members. As of this date, all Settlement Class Members shall be deemed to be bound by the Order entered herein and to have released Defendant from all of the Class Related Claims as defined in the Settlement Agreement, including any and all actions, causes of actions, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description that were, have been, or could have been asserted in this Kelly Action and Phiten Actions, or any other actions through the date this Order is entered. Upon the Effective Date, Defendant and the Phiten Released Parties shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs in the Phiten Actions, each and all of the Settlement Class Members and Class Counsel and their agents from all claims, including claims for malicious prosecution and unknown claims, arising out of, relating to, or connected with the institution, prosecution, assertion, or resolution of the Phiten Actions or the Class Released Claims.

Upon the entry of this Order, (a) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class members with respect to all released claims (as defined by the Settlement Agreement), and (b) Phiten (as defined by the Settlement Agreement) shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting any released claim against Phiten or any Phiten resellers in any federal or state court or tribunal.

### D. Attorney's Fees

■ Also before the Court is an Unopposed Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement Expenses. Settlement Class Counsel requests $1,056,000 for attorneys' fees and to reimburse costs and expenses. There are two methods by which attorneys' fees may be calculated: the lodestar method and the percentage-of-the-fund method. *See Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir.1996). "It is within the discretion of the district court to choose which method to apply." *Id.*

■ Under either method, the Court finds the requested attorneys' fees reasonable. Class Counsel has provided billing records demonstrating that it has incurred a total lodestar of $616,252.50. At the hearing, Class Counsel informed the Court that subsequent legal matters have caused additional expenses, raising the total to approximately $800,000. Class Counsel provided declarations accounting for over 1,100 hours invested by counsel and associates in the present litigation. The rates for these hours range from $200–$300 per hour for paralegals and $400–$800 per hour for counsel. Despite the geographic location of some counsel, the Court does not find the high end of the rate ranges for paralegals and counsel reasonable. However, in light of the numbers of hours invested by counsel, the reasonableness of most of the hourly rates, the risk inherent in Class Counsel's contingent-based compensation, and the quality of the attorneys' work, the Court finds the total claim for attorneys' fees fair, reasonable, and adequate. *See In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F.Supp.2d 1151, 1158–59 (D.Minn.2009) (citing *Grunin*, 513 F.2d at 127). Furthermore, the Court finds that under the percentage-of-the-fund method, an approximate 33% of the settlement award is fair compensation for Class Counsel. *See, e.g., In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir.2002) (concluding the district court did not abuse its discretion in approving a $1,250,000 award, or a 36% award, to counsel out of a $3,500,000 class settlement).

### E. Incentive Fees

 Class counsel has requested, and Defendant's counsel has not opposed, that incentive compensation be granted to the named Plaintiffs [9] in the amount of $3,000 per person. Having considered the relevant factors such as the actions taken by the named plaintiffs to protect the class's interest, the degree to which those actions have bettered the class, and the time and effort required of Plaintiffs to pursue this litigation, the Court finds the requested award is warranted. *See In re U.S. Bancorp Litig.*, 291 F.3d at 1038 (finding appropriate a $2,000 award to the five representative plaintiffs) (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir.1998)); *see also Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 677–78 (S.D.Iowa 2009) (awarding $10,000 to each named plaintiff and $1,000 to each deposed class member after noting that the "amounts were specifically negotiated as part of the Settlement package and will not diminish the recovery contemplated for each individual class member").

### III. CONCLUSION

For the reasons stated above, the Motions for Certification of Class (ECF No. 22), Approval of Settlement (ECF No. 34), and Unopposed Motion for Attorneys' Fees, Service Awards, and Reimbursement of Expenses (ECF No. 36) are **granted**. The Court reserves continuing and exclusive jurisdiction over the parties to enforce the terms of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

---

9. The named Plaintiffs include Sean Kelly from the present litigation and four other plaintiffs from the following similar and related actions filed against Phiten in other jurisdictions: *John C. Barker v. Phiten USA Inc.*, No. BC457084 (Cal.Sup.Ct.); *Rachel Rosen v. Phiten USA Inc.*, No. BC457153 (Cal.Sup.Ct.); *Adam Basloe v. Phiten USA, Inc.*, No. 2:11–cv–02842 (N.D.Cal.); and *Sandra M. Klinger v. Phiten USA Inc.*, No. L–002695–11 (N.J.Super.Ct.Law Div.).