# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2892
_____

Brendan Holbein

*Plaintiff - Appellant*

v.

Baxter Chrysler Jeep, Inc.; TAW Enterprises, Inc., doing business as Baxter
Chrysler Dodge Jeep Ram of Bellevue

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 14, 2019
Filed: January 29, 2020
_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Brendan Holbein appeals the district court's dismissal of his amended complaint against TAW Enterprises, Inc. Because we conclude that the district court lacked subject-matter jurisdiction over this action, we vacate the dismissal and remand with instructions to the district court to remand this case to state court.

## I.

In the fall of 2015, Holbein accepted a position as General Manager of TAW Enterprises' Bellevue, Nebraska automobile dealership. In June 2016, TAW Enterprises' Finance Director informed Holbein that customer financial information in her possession had been stolen from her. Instead of alerting the customers that their financial information had been lost, however, the Finance Director allegedly "devised a clever method of re-obtaining the financial information from [the] customers without disclosing the breach of privacy." Over the next several months, Holbein attempted to advise his superiors of this issue and of their alleged reporting obligations under the federal Gramm-Leach-Bliley Act, Pub. L. No. 106-102, 113 Stat. 1338 (1999) (codified as amended in scattered sections of 12 U.S.C., 15 U.S.C., 16 U.S.C., 18 U.S.C., and 29 U.S.C.) (the "Act"), and its implementing regulations. In October 2016, TAW Enterprises demoted Holbein and cut his pay by sixty-five percent. He believed that this demotion "was the result of his insistence upon compliance with the Act."

Holbein sued in Nebraska state court, alleging in the operative amended complaint that TAW Enterprises retaliated against him in contravention of public policy established by the Act and breached its employment contract with him.[1] TAW Enterprises removed the case to federal court, alleging federal question jurisdiction. Holbein did not challenge removal. TAW Enterprises then moved to dismiss the action. The district court dismissed the amended complaint with prejudice, reasoning in pertinent part that Holbein's efforts to advise his superiors about the Finance Director's misconduct and their reporting obligations under the Act did not implicate a "public policy" recognized under Nebraska law to protect him from at-will employment termination. Holbein appeals.

---

[1]Although Holbein also named "Baxter Chrysler Jeep, Inc." in the amended complaint, he only served TAW Enterprises, so only TAW Enterprises is a party in this action.

## II.

Before addressing the merits of Holbein's appeal, we must assure ourselves that we have subject-matter jurisdiction over this action. *See Webb ex rel. K.S. v. Smith*, 936 F.3d 808, 814 (8th Cir. 2019). "We review the question of subject matter jurisdiction de novo." *United States v. Jacobs*, 638 F.3d 567, 568 (8th Cir. 2011).

In his opening brief, Holbein stated that the district court had diversity jurisdiction over this action. TAW Enterprises responded that we may exercise either diversity or federal question jurisdiction even though it removed the case on federal question grounds. At oral argument, Holbein then denied that we could exercise either federal question or diversity jurisdiction.

TAW Enterprises acknowledges that it could not have removed the case based on diversity jurisdiction because of the forum-defendant rule. This rule prohibits removal on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). TAW Enterprises is a Nebraska corporation with its principal place of business in Nebraska, so it could not have removed this Nebraska state-court action on diversity jurisdiction grounds.

TAW Enterprises argues that we may nevertheless exercise diversity jurisdiction under *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699 (1972). In *Grubbs*, the Supreme Court explained that when a case is removed improperly but proceeds "without objection" to a judgment on the merits in federal district court, "the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Id.* at 702. Our sister circuits have read this to mean that violation of the forum-defendant rule is a procedural matter that may be waived rather than a jurisdictional matter that cannot. *See, e.g.*, *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012) (holding that improper removal in violation of the forum-defendant rule is a nonjurisdictional "procedural defect that

-3-

is subject to waiver"); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 394 (5th Cir. 2009) (reading *Grubbs* as suggesting "that the forum-defendant rule does not impose an independent jurisdictional requirement"); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939, 942 (9th Cir. 2006) (holding that the forum-defendant rule is "non-jurisdictional"); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) (holding that violation of the forum-defendant rule "does not deprive a federal court of subject matter jurisdiction" according to *Grubbs*, "the conclusions reached by almost every other court of appeals that has addressed the issue," and "several leading commentators" such as *Moore's Federal Practice*).

We, however, have held that violation of the forum-defendant rule is a "jurisdictional defect" rather than "'a mere procedural irregularity capable of being waived.'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992)). It may be that "the overwhelming weight of authority" is "on the nonjurisdictional side of the debate." *See Lively*, 456 F.3d at 940 (internal quotation marks omitted). But we are bound by *Horton* unless or until "that case is overruled by th[is] Court sitting en banc." *See United States v. Manning*, 786 F.3d 684, 686 (8th Cir. 2015). Under *Horton*, we are prohibited from exercising diversity jurisdiction over this action because removal on diversity grounds would have violated the forum-defendant rule.

We therefore may exercise jurisdiction here only if the amended complaint presents a sufficient federal question on its face. *See Luecke v. Schnucks Mkts., Inc.*, 85 F.3d 356, 358 (8th Cir. 1996) ("For federal question jurisdiction, the federal question generally must appear on the face of the complaint."); *see also In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928-29 (8th Cir. 2005) ("[W]here a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint."). We focus on the retaliation claim, as Holbein did not plead that the breach-of-contract claim implicated federal law in any way. And we look at the substance rather than the form of the amended complaint to determine if it sufficiently raises a federal question. *See Stanturf v. Sipes*, 335 F.2d 224, 229 (8th

Cir. 1964) ("[A] federal question must exist not in mere form but in substance, and not in mere assertion, but in essence and effect." (internal quotation marks omitted)).

Holbein labeled his retaliation cause of action as arising under the Act. In resisting dismissal, however, Holbein explained that he did "not state a cause of action for violation" of the Act but rather brought "a wholly different cause of action . . . under Nebraska common law," namely, retaliation in contravention of public policy. *See, e.g.*, *Wendeln v. The Beatrice Manor, Inc.*, 712 N.W.2d 226, 238 (Neb. 2006) ("[A] public policy-based retaliatory discharge claim is based in tort."). The way he pleaded this claim bears this out: although the Act is identified as the cause of action, Holbein pleaded two "theor[ies] of recovery" under this count, both of which are retaliation claims arising under state law. In other words, Holbein's cause of action ostensibly arising under the Act is in reality a state-law employment claim. This cause of action, then, does not straightforwardly "aris[e] under the . . . laws of the United States." 28 U.S.C. § 1331.

TAW Enterprises nevertheless argues that we have jurisdiction under the "variety of federal 'arising under' jurisdiction" where "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). There is no "'single, precise, all-embracing' test for jurisdiction" in such cases. *Id.* at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (Stevens, J., concurring)). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

We have applied this variety of federal question jurisdiction narrowly, recognizing that it exists only in a "'special and small category' of cases." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S.

677, 699 (2006)). We conclude that this action does not fit within this "slim category" of cases. *See Empire Healthchoice Assurance*, 547 U.S. at 701.

In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, the Supreme Court addressed "whether the incorporation of a federal standard in a state-law private action" suffices under § 1331 to bestow federal question jurisdiction even though Congress did not authorize a private cause of action "for violations of that federal standard." 478 U.S. 804, 805 (1986). The plaintiffs had brought a state-law negligence claim based on defendant's alleged misbranding of a drug in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.* at 805-06. Defendant removed, alleging federal question jurisdiction. *Id.* at 806. The Court took note of the fact that "there is no federal cause of action for FDCA violations," *id.* at 810, the significance of which could not "be overstated" in its analysis, *id.* at 812. It then concluded that Congress's decision not to furnish a private cause of action under the statute was "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

As was true of the FDCA in *Merrell Dow*, so too here, there is no private right of action for violations of the Act. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007). This is "evidence" by itself that any federal question implicated by Holbein's claim is insufficiently substantial to permit us to exercise federal question jurisdiction. *See Grable*, 545 U.S. at 318. Furthermore, the essence of Holbein's claim, as both the parties argue it and the district court analyzed it, is whether the Act creates a state-recognized "public policy" implicating a state-law exception to Nebraska's at-will termination rule. Thus, the Act is just a component of "a state cause of action," and its mere presence as a basis for this state-law claim "is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharms.*, 478 U.S. at 814. "When, as here, the rights involved are rooted in state law, the presence of a collateral federal issue does not transform the action into a federal case." *McNeill v. Franke*, 171 F.3d 561, 564 (8th Cir. 1999).

## III.

We recognize that the parties and the district court expended "time, effort, and expense before the issue of subject matter jurisdiction was raised," but we cannot avoid our duty to determine its existence "at any time, even on appeal." *Great Lakes Gas Trans. Ltd. P'ship*, 843 F.3d at 334. Neither we nor the district court could properly exercise subject-matter jurisdiction over this action because removal premised on diversity jurisdiction would violate the forum-defendant rule, a jurisdictional defect in this circuit, and Holbein's amended complaint does not present a federal question. We thus vacate the judgment of the district court and remand with instructions to remand this action back to state court. *See id.*

_____